Brevard, J.
This was an action of Assumpsit . . on a promissory note, to which, the general issue was pleaded by the defendant.
The plaintiff proved the making and indorsement of the note,. On the part of the defendant, an at-tempt was made to prove that the payee had agreed to wa^ for payment, till the' first of January 1810, one year after the note became payable; and that the action ivas commenced prior to that day. But tiie court refused to admit the evidence, offered to pr0ve this point, as insufficient to effect the mfiors-ees without notice,
The defendant then gave evidence of an usurious consideration, and proved by Evan Jones, ■ Jun. that the note was given for ©123, when m iact,- the consideration of the note was one hundred dollars only, which had been borrowed. The plaintiffs objected to the admission of this evidence, as the act *145 against usury was not pleaded, and because plaintiffs were indorsees, and had no notice of the usurious consideration. ffií» U
The plaintiffs proved that one of the defendants was present when the note was indorsed, and upon that occasion said it was a good note, and promised that he would pay the same to the indorsee : aiso¿ that the same defendant had promised several times afterwards to pay the same. It was insisted for the defendant, that the original contract was void in its creation; and that the subsequent promise by one of the defendants, could not give to it any legal efficacy: but the court (Waties, J.) was of a different opinion, and charged the jury in favour of the plaintiffs ; in consequence of which, a verdict was found for the plaintiffs for the amount of the note and interest.
The motion beforé the court is to set aside the verdict and obtain a new trial, on several grounds i first, that usury is admissible in evidence under thé plea of non-assumpsit; secondly, that the contract was void originally, and could not be made valid by a subsequent promise.
I do not perfectly understand how, or why, the first ground, which the d fendants have taken in this motion, comes to be made a question before us. It is stated in the brief, that the defendants gave evidence of the usurious consideration, for which the note in question was given. From that it would *146 seeiQ that the court did not refuse to admit evidence of usury, under the plea of non-assumpsit. If however, the defendants were precluded from any advantage they could have derived from this ground of defence, I am of opinion, that they are entitled to a new trial. Usury is clearly admissible in evidence under the plea of the general issue. The effect of such evidence, is to prove that the promise was not obligatory, but void in its origin, and that there never was any such legal undertaking, as that which the plaintiffs claim to recover. 5 Com. Dig. 398. 1 Esp. 27. 1 Stra. 498. 198. 1 Esp. Dig. 168. See 4 Co. 117. Hob. 62. Bull. JV*. P. 224. 3 Cranch, 186. 1 Saund. 495. Note by which that the plaintiff’s were indorsees without notice, cannot be admitted as a sufficient reason to repel the charge of usury ; because the original usurious contract is to be viewed in the light of a criminal transaction, which no subsequent circumstances or acts can render innocent or lawful. As between the original parties to the transaction, where the contract on which a promise, or contract is founded, is illegal, the plaintiffs ought not to recover; and, by positive statute law, made to prevent gaming and usury, which are regarded as public mischiefs, the innocent indorsers of negotiable instruments, which have been given upon such illegal considerations, are equally disentitled to recover against the makers of such instruments. The contracts in such cases are void in their inception, as never having had any legal existence; such innocent indorsees, however, a*ay have recourse to their indorsers, for every in- *147 dorsment is in the nature of a new bill or note. Doug. 736. 1 Esp. Dig. 27. 175. 2 Str. 733. 1 Esp. Rep. 178. 3 T. R. 538. Fortesq. Rep. 336. Chitty on-Bills.
It has been contended, however, for the plaintiffs, that one of the defendants being present at the indorsement of the note, and having spoken of it as a good and legal note, and having promised to pay it, induced the plaintiffs to receive it without scruple or caution; hereby sanctioned the original contract, and confirmed the obligation he originally entered into to comply with it; and at all events, thereby estopped himself from interposing any objection which he might otherwise have had, against the right of the original payee to recover on the note. It was also contended that the parol' promise of the defendant, who was present at the indorsement, bound him, independantly of the note.
In answer to these reasons, offered on the part of the plaintiffs, it may be observed, first, that the words spoken, or acts alone by one of the defendants, cannot be considered as binding the other, without some evidence to prove that the other authorised the same, or consented thereto. Secondly, it seems quite clear, from what has been already stated, that no subsequent act whatever, however solemn, and formal, could impart validity, and give legal efficacy to a transaction which was null and void in its creation. If the note was given for an usurious consideration, it was given illegally, and was never entitle^ *148 to be considered as evidence of a lawful contract. If it was an unlawful instrument when given, it could not wade a lawful instrument by any after transaction, or any other contract between the same, or any 0ther parties. Nothing less than legislative authority, could give to it a legal existence, which it had not in its creation.
The case of Ellis vs. Warnes, Moore, 752. Cro. Ja. 33. 5 Mod. does not by any means sustain the argument for the plaintiff. In that case the usurious obligation was between W. and Jl. which was done away, and a new obligation entered into between W. and E. And it appeared that E. was entirely ignorant of the úsurious consideration, upon which the first obligation, was given. The new obligation, although founded on the original consideration, was not usurious as regarded the obligee, who was ignorant of the illegality of the first contract. The second contract was lawful on the part of the innocent obligee. But if the second contract had been to give force and effect to the first, or had rested upon it directly as its basis, the obligee, however innocent, in the second contract, would not have been entitled toVecover on it; because it would have appeared, that the foundation of the contract was illegal, the source or consideration thereof being tainted and corrupt. This, however, did not appear in that case, for the corrupt and unlawful contract was discharged entirely, and a new contract was formed between different parties, upon a new consideration, which, so far as it concerned the obli- *149 gee in that contract, was perfectly fair and legal. The doctrine on this subject is fully explained, and well settled, by sundry late decisions of the English courts. 8 T. R. Cuthbert vs. Haley. 7 T. R. 184. Maddock, vs. Hammet. 3 T. R. 536. 1 T. R. 296. 3. Wil. 250. Doug. 936. Peake’s Nisi-Prius. 200. If the obligee, or payee is not ignorant of the usury which tainted the original contract* he ought to be considered particeps criminis, and not entitled to recover.
Whether the plaintiffs, in the present case, may not be entitled to recover upon the principles I have laid down, I shall not undertake to decide. If he is, he will doubtless recover on a new trial. But, the plaintiffs insist, the defendants are estopped to take any advantage of the plea of usury, by the conduct of one of the defendants at the time of the transfer of the note, and afterwards; and that at all events, the subsequent promise of one defendant to pay the note is binding on him. I have before observed that the conduct of one defendant, in‘such a case, cannot in my opinion, affect the other ; and that nothing which either could have done, with or without the concurrence of the other, can be deem-sufficient to give validity to a transaction, which was in its inception unlawful and void. Whether the subsequent promise, or deceitful conduct of one of the defendants, or both of them, is, or is hot, a sufficient ground for a recovery in an other form or mode of proceeding, is a question, not necessary now to *150 decided, as it cannot effect the present case, which is founded on the original written prom'set made upon a consideration alledged to be usurious.
My opinion, in fine, is, that a new trial ought to be granted: and that evidence of usury ought to, be admitted, under the plea of non assumpsit.
Bay concurred.
N. B. Judge Brevard, in his il. S, observes that "the court unanimously granted the motion.”